THE STATE OF OHIO, APPELLEE, *v.* BALLEW, APPELLANT.

[Cite as *State v. Ballew* (2000), 89 Ohio St.3d 204.]

(No. 99–2146—Submitted April 10, 2000—Decided June 21, 2000.)

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.,* Assistant Prosecuting Attorney, for appellee.

*David J. Graeff,* for appellant.

***Per Curiam.*** We affirm the judgment of the court of appeals. "Under App.R. 26(B)(2)(b), an application for reopening requires 'a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.'" *State v. Wickline* (1996), 74 Ohio St.3d 369, 371, 658 N.E.2d 1052, 1053. Ballew's application to reopen his appeal was, as he concedes, untimely.

Ballew asserts, however, that he had "good cause" because the same counsel, Robert R. Hastings, Jr., represented him in the original appeal to the court of appeals and this court. Counsel cannot be expected to argue his or her own ineffectiveness. *State v. Lentz* (1994), 70 Ohio St.3d 527, 529–530, 639 N.E.2d 784, 785. However, different counsel, Gary W. Crim, began to represent Ballew in connection with this case in October 1996. Crim also represented Ballew before the court of appeals and this court in his 1998 appeal of the denial of his petition for post-conviction relief. See *State v. Ballew* (Mar. 6, 1998), Hamilton App. No. C–970313, unreported, 1998 WL 95397. Ballew has not explained or justified the delay from October 1996 until June 1999 in filing his App.R. 26(B) application. Thus, the court of appeals correctly rejected Ballew's application as untimely.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.