[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 204.]

THE STATE OF OHIO, APPELLEE, *v.* BALLEW, APPELLANT.

[Cite as *State v. Ballew*, 2000-Ohio-134.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to establish good cause for failing to file his application within ninety days after journalization of the court of appeals' decision affirming the conviction as required by App.R. 26(B)—Court of appeals' rejection of application affirmed.*

(No. 99-2146—Submitted April 10, 2000—Decided June 21, 2000.)

APPEAL from the Court of Appeals for Hamilton County, No. C-920576.

_____

{¶ 1} Appellant, Tyrone Ballew, was convicted of the aggravated murder of Donald Hill and sentenced to death. Ballew was also sentenced to prison for kidnapping and aggravated burglary. The court of appeals affirmed the convictions and sentence. *State v. Ballew* (Aug. 2, 1995), Hamilton App. No. C-920576, unreported, 1995 WL 453044. On direct appeal as of right, we also affirmed. *State v. Ballew* (1996), 76 Ohio St.3d 244, 667 N.E.2d 369, certiorari denied, *Ballew v. Ohio* (1997), 519 U.S. 1065, 117 S.Ct. 704, 136 L.Ed.2d 625. In October 1996, we granted a stay of execution recognizing that Ballew had filed a petition for post-conviction relief and intended to file for certiorari. *State v. Ballew* (1996), 77 Ohio St.3d 1426, 670 N.E.2d 1361.

{¶ 2} On March 17, 1997, the trial court denied Ballew's post-conviction petition, and the court of appeals affirmed the trial court's judgment. *State v. Ballew* (Mar. 6, 1998), Hamilton App. No. C-970313, unreported, 1998 WL 95397. We then declined to accept the appeal. *State v. Ballew* (1998), 82 Ohio St.3d 1441,

695 N.E.2d 264.  On August 25, 1998, we revoked the stay of execution.  *State v. Ballew* (1998), 83 Ohio St.3d 1408, 698 N.E.2d 434.

{¶ 3} On June 7, 1999, Ballew filed an App.R. 26(B) application to reopen his appeal in the court of appeals, asserting that he had received ineffective assistance of counsel in his original appeal decided in August 1995.  In October 1999, the court of appeals rejected that application as untimely, and Ballew now appeals that decision.

———————————

*Michael K. Allen*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, Assistant Prosecuting Attorney, for appellee.

*David J. Graeff*, for appellant.

———————————

*Per Curiam*.

{¶ 4} We affirm the judgment of the court of appeals.  "Under App.R. 26(B)(2)(b), an application for reopening requires 'a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.' "  *State v. Wickline* (1996), 74 Ohio St.3d 369, 371, 658 N.E.2d 1052, 1053.  Ballew's application to reopen his appeal was, as he concedes, untimely.

{¶ 5} Ballew asserts, however, that he had "good cause" because the same counsel, Robert R. Hastings, Jr., represented him in the original appeal to the court of appeals and this court.  Counsel cannot be expected to argue his or her own ineffectiveness.  *State v. Lentz* (1994), 70 Ohio St.3d 527, 529-530, 639 N.E.2d 784, 785.  However, different counsel, Gary W. Crim, began to represent Ballew in connection with this case in October 1996.  Crim also represented Ballew before the court of appeals and this court in his 1998 appeal of the denial of his petition for post-conviction relief.  See *State v. Ballew* (Mar. 6, 1998), Hamilton App. No. C-970313, unreported, 1998 WL 95397.  Ballew has not explained or justified the

2

delay from October 1996 until June 1999 in filing his App.R. 26(B) application. Thus, the court of appeals correctly rejected Ballew's application as untimely.

{¶ 6} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————