[This decision has been published in *Ohio Official Reports* at 90 Ohio St.3d 571.]

THE STATE OF OHIO, APPELLEE, *v*. HILL, APPELLANT.

[Cite as *State v. Hill*, 2001-Ohio-20.]

*Appellate procedure—Application for reopening appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel—Denial of application by court of appeals affirmed albeit for different reasons.*

(No. 00-1299—Submitted November 28, 2000—Decided January 17, 2001.)

APPEAL from the Court of Appeals for Hamilton County, Nos. C-910916.

_____

*Per Curiam.*

{¶ 1} Appellant, Genesis Hill, was convicted of aggravated burglary and the kidnapping and aggravated murder of his six-month-old daughter, Domika Dudley, and sentenced to death. He was also sentenced to prison for kidnapping and aggravated burglary. The court of appeals affirmed the convictions and sentence. *State v. Hill* (Dec. 21, 1994), Hamilton App. Nos. C-910916 and C-940487, unreported, 1994 WL 721580. On direct appeal as of right, we also affirmed. *State v. Hill* (1996), 75 Ohio St.3d 195, 661 N.E.2d 1068, certiorari denied, *Hill v. Ohio* (1996), 519 U.S. 895, 117 S.Ct. 241, 136 L.Ed.2d 170.

{¶ 2} Subsequently, the trial court denied Hill's petition for post-conviction relief, and the court of appeals affirmed that denial of relief. *State v. Hill* (Nov. 21, 1997), Hamilton App. No. C-961052, unreported, 1997 WL 727587, and we declined to accept Hill's appeal. *State v. Hill* (1998), 81 Ohio St.3d 1468, 690 N.E.2d 1288. On April 1, 1998, we revoked a stay of execution previously granted. *State v. Hill* (1998), 81 Ohio St.3d 1498, 691 N.E.2d 1059. Hill also filed a petition for habeas corpus in the United States District Court, which is pending. See *Hill v. Mitchell* (S.D.Ohio 1998), 30 F.Supp.2d 997.

**{¶ 3}** On October 1, 1999, Hill filed an application for reopening with the court of appeals pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of appellate counsel before that court. The court of appeals found that Hill had "failed to show good cause for filing his application more than ninety days after this Court's judgment was journalized, as required by App.R. 26(B)(2)(b)." *State v. Hill* (June 8, 2000), Hamilton App. No. C-910916, unreported. Hence, that court denied Hill's application to reopen his appeal.

**{¶ 4}** The cause is now before this court upon an appeal as of right.

**{¶ 5}** We affirm the judgment of the court of appeals, albeit for different reasons. The two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess whether Hill has raised a "genuine issue," as to the ineffectiveness of appellate counsel, in his request to reopen under App.R. 26(B)(5). *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696, 697; *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458. See, also, *Walker v. Gibson* (C.A.10, 2000), 228 F.3d 1217, 1237; *United States v. Cook* (C.A.10, 1995), 45 F.3d 388, 395; *Boyd v. Ward* (C.A.10, 1999), 179 F.3d 904, 914. To show ineffective assistance, Hill must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.

**{¶ 6}** Moreover, to justify reopening his appeal, Hill "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d at 25, 701 N.E.2d at 697. We find that Hill has failed to do so.

**{¶ 7}** In his initial appeal to the court of appeals, Hill's allegedly ineffective appellate counsel raised twenty-nine assignments of error on appeal. "Counsel

could have reasonably decided they could not add * * * more issues without 'burying good arguments * * * in a verbal mound made up of strong and weak contentions.' " *State v. Campbell* (1994), 69 Ohio St.3d 38, 53, 630 N.E.2d 339, 353, quoting *Jones v. Barnes* (1983), 463 U.S. 745, 753, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987, 994. Hill also relies in part upon evidence outside the trial record to support his claim of ineffective appellate assistance. Yet appellate counsel cannot properly refer to facts outside the record. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus. Accord *State v. Coleman* (1999), 85 Ohio St.3d 129, 133, 707 N.E.2d 476, 483.

{¶ 8} Finally, many issues on Hill's list were waived at trial, and some were precluded by settled law. Other issues "may have had arguable merit, but are 'sufficiently problematical that the refusal to raise them cannot be assailed as an unreasonable professional judgment.' " *State v. Campbell,* 69 Ohio St.3d at 53, 630 N.E.2d at 353, quoting *Cunningham v. Henderson* (C.A. 2, 1984), 725 F.2d 32, 36.

{¶ 9} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Michael K. Allen*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.,* Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, and *Angela Miller,* Assistant Public Defender, for appellant.

_____