[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 421.]

THE STATE OF OHIO, APPELLEE, *v*. JALOWIEC, APPELLANT.

[Cite as *State v. Jalowiec*, 2001-Ohio-164.]

*Appellate procedure—Application for reopening appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel—Court of appeals' denial of application to reopen appeal affirmed, albeit for different reasons—Application denied when claimant fails to raise a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal before the court of appeals, as required by App.R. 26(B)(5).*

(No. 99-1753—Submitted May 15, 2001—Decided August 8, 2001.)

APPEAL from the Court of Appeals for Lorain County, No. 96CA006445.

—————————————

*Per Curiam.*

{¶ 1} Appellant, Stanley E. Jalowiec, was convicted of aggravated murder with death-penalty and firearm specifications. He was sentenced to death. Upon appeal, the court of appeals affirmed the convictions and sentence. *State v. Jalowiec* (Apr. 15, 1998), Lorain App. No. 96CA006445, unreported, 1998 WL 178554. On direct appeal as of right, we also affirmed his convictions and sentence on April 4, 2001. *State v. Jalowiec* (2001), 91 Ohio St.3d 220, 744 N.E.2d 163.

{¶ 2} On July 8, 1999, appellant filed an application for reopening with the court of appeals pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of appellate counsel in his direct appeal.

{¶ 3} In denying appellant's application for reopening, the court of appeals essentially found that Jalowiec had failed to show good cause for filing his application more than ninety days after that court's judgment was journalized, as

required by App.R. 26(B)(2)(b). *State v. Jalowiec* (Aug. 18, 1999), Lorain App. No. 96CA006445, unreported. The cause is now before this court upon an appeal as of right.

{¶ 4} We affirm the judgment of the court of appeals, albeit for different reasons. The two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess whether Jalowiec has raised a "genuine issue" as to the ineffectiveness of appellate counsel in his request to reopen under App.R. 26(B)(5). See *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696, 697. To show ineffective assistance, Jalowiec must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had they presented those claims on appeal. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.

{¶ 5} Moreover, to justify reopening his appeal, Jalowiec "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey,* 84 Ohio St.3d at 25, 701 N.E.2d at 697.

{¶ 6} We have reviewed appellant's twenty propositions of law alleging, *inter alia*, deficient performance by appellate counsel. Many of these same arguments were rejected by us on Jalowiec's appeal before this court. See *State v. Jalowiec*, 91 Ohio St.3d 220, 744 N.E.2d 163. In any case, however, in none of the twenty propositions of law has Jalowiec raised "a *genuine issue* as to whether [he] was deprived of the effective assistance of counsel on appeal" (emphasis added) before the court of appeals, as required under App.R. 26(B)(5).

{¶ 7} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

2

_____

*Gregory A. White*, Lorain County Prosecuting Attorney, and *Jonathan E. Rosenbaum*, Assistant Prosecuting Attorney, for appellee.

*Stanley E. Jalowiec, pro se.*

_____