Lawrence LANDRUM, Petitioner,

v.

Carl S. ANDERSON, Warden, Respondent.

No. C–1–96–641.

United States District Court, S.D. Ohio, Western Division.

Feb. 4, 2002.

Gerald W. Simmons, Thompson Hine, Cincinnati, OH, David Bodiker, Ohio Public Defender, Randall L. Porter, Asst. Ohio Public Defender, Columbus, OH, for Petitioner.

Michael L. Collyer, Asst. Attorney General, Capital Crimes Section, Cleveland, OH, for Respondent.

## DECISION AND ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION

MERZ, United States Magistrate Judge.

This capital habeas corpus case is before the Court on Petitioner's Motion for Reconsideration Concerning the Court's Denying Expansion of the Record (Doc. No. 140). Respondent has opposed the Motion (Doc. No. 145) and Petitioner has filed a Reply Memorandum in support (Doc. No. 146). It is clear from the docket context that this Motion is directed to the Magistrate Judge, as opposed to the two roughly concurrent appeals taken to District Judge Weber from Magistrate Judge Orders denying expansion of the record and denying in part Petitioner's Motion for Evidentiary Hearing.

The Motion was filed in response to the Court's invitation[1] to brief the application of *Edwards v. Carpenter*, 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000), to the question of whether the proffered affidavit of Ken Murray should be admitted to the record under Habeas Rule 7.

Mr. Murray's Affidavit is offered to show cause to excuse Petitioner's asserted procedural default in presenting his claims of ineffective assistance of appellate counsel to the Ohio courts.[2] In the original ruling excluding the Affidavit, the Magistrate Judge held "Mr. Murray's Affidavit will be excluded because it is precluded by procedural default in not presenting it (or its equivalent) to the state courts." (Doc. No. 134 at 4).

Petitioner offers three reasons to allow the Affidavit to be considered:

1. "The issue of cause is irrelevant to the Court's consideration of the constitutional issues contained in Petitioner Landrum's Application for Re–Opening" because the Ohio App. R. 26(B) requirement to show "good cause" for late filing of a petition for reopening is not an adequate and independent state ground for the decision of the state courts not to consider those constitutional issues. Motion, Doc. No. 140, 2–4.

2. The state courts would not have considered Murray's Affidavit if it had been presented to them. *Id.* at 4–6.

3. Petitioner has cause to excuse any failure to present the Murray Affidavit to the state courts, to wit, the ineffective assistance rendered to Petitioner by the lawyer who represented him in the application for re-opening process. *Id.* at 6–7. Additionally, Petitioner has no avenue through which to present this ineffectiveness claim to the Ohio courts.

Respondent opposes all three arguments and notes in addition that Petitioner has changed his claimed cause for delay since he presented his arguments in the state courts (Memorandum Opposing Reconsideration, Doc. No. 145).

■ The Court does not reach Petitioner's second and third arguments because it concludes Petitioner is not barred from obtaining merits review of his ineffective assistance of appellate counsel claims by any default in presenting those claims to the Ohio courts.

---

1. See Decision and Order Denying Petitioner's Motion to Expand the Record, Doc. No. 134, at 4.

2. "Mr. Landrum is asking this Court to make Attorney Murray's affidavit part of the record for purposes of determining if he has 'cause' to excuse the late filing with the Ross County Court of Appeals of his Application for Re-

Opening. Mr. Murray's affidavit does not address any of the merits of the claims contained in Mr. Landrum's Second Amended Habeas Petition. It is only relevant to the Court's procedural default determination." Petitioner Lawrence Landrum's Reply in Support of his Rule 7 Motion to Expand the Record, Doc. No. 133, at 10.

Both parties agree that the Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Reynolds v. Berry*, 146 F.3d 345, 347–48 (6th Cir.1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> &ast;  &ast;  &ast;  &ast;  &ast;  &ast;
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d, at 138.

Mr. Landrum was convicted in 1986 and his conviction became final on direct appeal when the United States Supreme Court denied certiorari in 1991. *Landrum v. Ohio*, 498 U.S. 1127, 111 S.Ct. 1092, 112 L.Ed.2d 1196 (1991). His petition for post-conviction relief under Ohio Revised Code § 2953.21 was filed May 28, 1996, and became final when the Ohio Supreme Court denied review. *State v. Landrum*, 85 Ohio St.3d 1476, 709 N.E.2d 849 (1999). Landrum's Application for Re Opening was filed September 22, 1998, by Assistant State Public Defender Pamela Prude Smithers (Return of Writ, Doc. No. 84, Ex. CCC).

At the insistence of the Ross County Court of Appeals,[3] Landrum filed on December 1, 1998, a Memorandum Explaining Delay in Filing Application for Reopening (*Id.*, Ex. DDD). Ms. Prude Smithers noted that Landrum's conviction had been affirmed on direct appeal before the Ohio Supreme Court decided *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), and *ipso facto* before *Murnahan* was codified in Ohio App. R. 26(B)(effective July 1, 1993). Therefore, she reasoned, Landrum could not have complied with *Murnahan* or 26(B) and the impossibility of doing so constitutes "good cause." She concluded, "Once an applicant has established good cause for filing more than ninety days after journalization of the appellate judgment, it does not matter when the application is filed."

> The Court of Appeals wrote in response: We disagree. Assuming that good cause once existed for the delay in filing an App. R. 26(B) application, once the reasons for delay are gone, good cause no longer exists. Good cause is not an excuse which lingers indefinitely. *State v. Fox*, 83 Ohio St.3d 514 [700 N.E.2d 1253] (1998).
>
> •  •  •  •  •
>
> The term good cause, as applied to App. R. 26(B) applications, must constitute more than allegations that difficulties or hindrances to filing the application existed. *State v. Winstead*, 74 Ohio St.3d 277, 658 N.E.2d 722 (1996); *State v. Witlicki*, 74 Ohio St.3d 237, 658 N.E.2d

---

**3.** The Entry in question is not before this Court, but is referenced in the Memorandum Explaining Delay as having been entered on October 28, 1998.

275 (1996); *State v. Houston,* 73 Ohio St.3d 346, 652 N.E.2d 1018 (1995). The record reflects that appellant was represented by several different attorneys during the seven years after representation by his trial and appellate counsel ended. Appellant presents this Court with no good reason explaining why this lengthy period elapsed before he filed his App. R. 26(B) application. Accordingly, we find that he has not established good cause to reopen his appeal. *State v. Landrum,* Case No. 86 CA 1330 (Ross County, April 13, 1999)(Copy at Return of Writ, Doc. No. 84, Ex. EEE). The Ohio Supreme Court affirmed the Court of Appeals for the reasons it had given, to wit, that no good cause had been shown for the untimely filing. *State v. Landrum,* 87 Ohio St.3d 315, 87 Ohio St.3d 315, 720 N.E.2d 524 (1999), citing *State v. Fox, supra,* and *State v. Wickline,* 74 Ohio St.3d 369, 371, 658 N.E. 2nd 1052, 1053 (1996).

It is very clear on this record, then, that Respondent has satisfied the first two prongs of *Maupin:* there is a state procedural rule applicable to the case and it was adversely applied to Petitioner, resulting in denial of his application for delayed reopening.

Petitioner, however, contends Respondent's case for procedural default flounders on the third *Maupin* prong because Ohio R.App. P. 26(B) is not an adequate and independent state ground. In support, Petitioner first cited four Ohio Supreme Court cases in which, Petitioner asserts, Rule 26(B) was not enforced.

- *State v. Hill,* 90 Ohio St.3d 571, 740 N.E.2d 282 (2001). In *Hill* the Court of Appeals denied an October 1, 1999, application for delayed reopening on timeliness grounds. The Ohio Supreme Court affirmed on grounds Hill had not shown he had a colorable claim of ineffective assistance of counsel.

- *State v. Sheppard,* 91 Ohio St.3d 329, 744 N.E.2d 770 (2001), is precisely parallel to *Hill.* The Court of Appeals denied a March 9, 2000, application for delayed reopening on timeliness grounds, and the Ohio Supreme Court affirmed on the same grounds and virtually the same language as in *Hill.*

- *State v. Bradley,* 91 Ohio St.3d 570, 747 N.E.2d 819 (2001). There the Court of Appeals denied the application on both timeliness and failure to raise a genuine issue grounds and the Supreme Court affirmed on the second basis.

- *State v. Hooks,* 92 Ohio St.3d 83, 748 N.E.2d 528 (2001). Here, although the application for reopening was filed more than a decade after the Court of Appeals rendered its decision on direct appeal, the application was denied by both the Court of Appeals and the Supreme Court on grounds other than timeliness.

In his Reply Memorandum, Petitioner cites four more Ohio Supreme Court cases:

- In *State v. Brooks,* 92 Ohio St.3d 537, 751 N.E.2d 1040 (2001), the Court of Appeals denied reopening on timeliness grounds but also on the merits. The Ohio Supreme Court affirmed on the second ground and did not decide the first.

- In *State v. Jalowiec,* 92 Ohio St.3d 421, 751 N.E.2d 467 (2001), the Court of Appeals had denied reopening on timeliness grounds, but the Ohio Supreme Court affirmed for lack of merit.

- In *State v. Palmer,* 92 Ohio St.3d 241, 749 N.E.2d 749 (2001), the Court of Appeals had also denied reopening on timeliness grounds, but the Ohio Supreme Court affirmed for lack of merit, specifically eschewing any consideration of the *White v. Schotten,* 201 F.3d 743 (6th Cir.2000), question.

- In *State v. Jells,* 90 Ohio St.3d 454, 739 N.E.2d 345 (2000), a case decided before the motion papers were filed, the Court of Appeals denied a 26(B) application

both for being untimely and on the merits. The Ohio Supreme Court affirmed on the merits without discussing the timeliness issue.

This Court's research has revealed another three Ohio Supreme Court opinions in capital cases raising the 26(B) timeliness question, decided at or after the time the Reply Memorandum was filed.

- In *State v. Biros*, 93 Ohio St.3d 250, 754 N.E.2d 805 (2001), the court followed the same pattern as in *Hill* and *Sheppard, supra:* the Court of Appeals denied reopening on timeliness grounds and the Ohio Supreme Court declined to decide that question and found no merit to the application.

- In *State v. Carter*, 93 Ohio St.3d 581, 757 N.E.2d 362 (2001), the court dealt with an appeal from denial of a second application for delayed reopening and concluded that the good cause issue was barred by *res judicata* because the Court of Appeals had denied reopening for lack of timeliness on the first application and Carter had not appealed.

- In *State v. Moore*, 93 Ohio St.3d 649, 758 N.E.2d 1130 (2001), is another case where the Court of Appeals denied delayed reopening on timeliness grounds. The Ohio Supreme Court affirmed on both that ground and the merits, provoking a concurrence in the judgment from Justice Cook recognizing the analytical difference between the two grounds and urging the court majority to deal with the Sixth Circuit's decision in *White v. Schotten*, 201 F.3d 743 (6th Cir.2000).

The Court has likewise found three capital 26(B) cases decided after Mr. Landrum's which did enforce the timeliness/good cause rule: *State v. Ballew*, 89 Ohio St.3d 204, 729 N.E.2d 753 (2000), *State v. Dunlap*, 89 Ohio St.3d 277, 730 N.E.2d 985 (2000), and *State v. Mason*, 90 Ohio St.3d 66, 734 N.E.2d 822 (2000).

State procedural rules bar federal habeas corpus review only if the rules are "firmly established and regularly followed." *Rogers v. Howes*, 144 F.3d 990 (6th Cir.1998); *Jones v. Toombs*, 125 F.3d 945, 946–47 (6th Cir.1997); *James v. Kentucky*, 466 U.S. 341, 348–49, 104 S.Ct. 1830, 80 L.Ed.2d 346 (1984); *Ford v. Georgia*, 498 U.S. 411, 423–24, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991); *Barr v. City of Columbia*, 378 U.S. 146, 84 S.Ct. 1734, 12 L.Ed.2d 766 (1964). A procedural rule need not be followed in every case; it is sufficient if it is applied in the vast majority of cases. *Byrd v. Collins*, 209 F.3d 486, 521 (6th Cir.2000), citing *Dugger v. Adams*, 489 U.S. 401, 410 n. 6, 109 S.Ct. 1211, 103 L.Ed.2d 435 (1989).

At this point in time, it cannot be said that the Ohio App. R. 26(B) timeliness/good cause rule is firmly established and regularly followed in Ohio capital cases. In most of the foregoing cases, the courts of appeals enforced the rule even as to persons whose convictions became final long before *Murnahan* or 26(B)'s effective date. The Ohio Supreme Court appeared to be headed in that direction, but then shifted its course. In every capital case raising the question in 2001, the court failed to affirm a court of appeals' ruling that a 26(B) application was untimely and instead reached the merits. In none of those cases did it overturn the court of appeals' timeliness ruling, it merely failed to discuss it.

Thus this Court is faced with a state rule which may have been [4] relatively firm-

---

4. *See Davis v. Coyle,* C–1–97–402, Opinion and Order, (S.D. Ohio, September 4, 2001, at 9) (Graham, J.) ("even assuming, without so holding, that Rule 26(B) was not a 'firmly established and regularly followed state practice,' *Ford v. Georgia* [citation omitted], at the time of its effective date in July 1993, it certainly became so over the ensuing years.")

ly established and followed at the time it was applied to Petitioner, but is no longer firmly established and followed. It is also not as if the timeliness requirement were being inconsistently enforced, or enforced in egregiously old cases and not in others. The Ohio Supreme Court has declined to enforce the rule in **any** capital case in the last year.

Respondent suggests that cases decided after Petitioner's in the Ohio Supreme Court should not be considered. Rather, she argues, the question is whether the rule was firmly established and regularly enforced as of the time when it was applied to Petitioner. If the Ohio Supreme Court had used its rule-making power to amend Rule 26(B) and eliminate the timeliness requirement as of some date in 2001, this result would make sense. The purpose of the adequate and independent state ground rule is comity to the state courts, and it would hardly reflect comity to compel a State to apply an essentially legislative amendment retroactively. But the Ohio Supreme Court has not "changed" the rule in a legislative fashion. Instead, it has declined to enforce the rule and in each instance reviewed the ineffective assistance of counsel claim on the merits.[5]

Moreover, in declining to enforce the rule, the Ohio Supreme Court has not distinguished between capital cases where the convictions are quite old and those in which they are more recent. As Petitioner points out, it would be anomalous indeed to "punish" Mr. Landrum with denial of merits review because he filed his 26(B) application more promptly than some capital defendants, since those who were more

tardy got the benefit of the Ohio Supreme Court's relaxation of the rule.

The Court holds that Ohio App. R. 26(B) is not presently firmly established and regularly followed in Ohio capital cases so as to prevent merits review of Mr. Landrum's claims of ineffective assistance of appellate counsel presented to the Ohio courts in his 26(B) application.

Given that holding, Mr. Murray's Affidavit, offered to showing cause under the fourth prong of *Maupin* to excuse the procedural default, is irrelevant. When a procedural default defense fails at the third prong stage, there is no need to engage in "cause and prejudice" analysis. Upon reconsideration, Mr. Murray's Affidavit is again excluded because it is not relevant to the issues to be litigated.

The Magistrate Judge believes this holding moots part of Petitioner's appeal to Judge Weber, i.e., that portion of Doc. No. 137 which complains of exclusion of Mr. Murray's Affidavit. Petitioner's counsel are respectfully requested, in the interest of judicial economy, to withdraw that portion of the appeal, which is presently under consideration by Judge Weber.

---

See also *Ballew v. Mitchell,* 2001 WL 242563, *5–7 (Smith, J.) (finding 26(B) an adequate and independent state ground for a number of reasons.) Both *Davis* and *Ballew* are capital cases.

**5.** Deciding an appellant has not stated a "colorable" claim is in effect a decision on the merits.