[Cite as *State v. Pierce*, 2018-Ohio-2646.]

Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 106217

STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

ROSUE C. PIERCE

DEFENDANT-APPELLANT

JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-611371-A

BEFORE: Stewart, J., Kilbane, P.J., and Jones, J.

RELEASED AND JOURNALIZED: July 5, 2018

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

Frank Cavallo
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Daniel T. Van
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

**{¶1}** In 2006, defendant-appellant Rosue C. Pierce pleaded guilty to gross sexual imposition and carrying a concealed weapon. The court sentenced him to a three-year community control sanction and classified him as a sexually oriented offender with a duty to register his address. In August 2016, the state charged Pierce with a failure to register in violation of R.C. 2950.04(E). Pierce pleaded guilty to the charge and received a one-year term of community control. After Pierce's second community control violation, the court revoked community control and ordered him to serve a nine-month prison term.

**{¶2}** In this appeal from the revocation of community control, Pierce claims that the court never issued a final sentence in the 2006 case, Cuyahoga C.P. No. CR-05-466751-A. He maintains that the court issued a "blanket" sentence of community control and did not enter a sentence on each count as required by *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, where paragraph one of the syllabus states: "A sentence is the sanction or combination of sanctions imposed for each separate, individual offense."

**{¶3}** The trial court record in CR-05-466751-A is not before us, nor has Pierce attempted to supplement the record in this appeal. We agree with the state that under these circumstances, taking judicial notice of the docket in CR-05-466751-A in this appeal would violate the rule that an appellate court may not add to the record on appeal and then decide the case on the basis of the added material. *State v. Hill*, 90 Ohio St.3d 571, 573, 2001-Ohio-20, 740 N.E.2d 282. "Since a reviewing court can only reverse the judgment of a trial court if it finds error in the proceedings of such court, it follows that a reviewing court should be limited to what transpired

in the trial court as reflected by the record made of the proceedings." *State v. Ishmail*, 54 Ohio St.2d 402, 405-406, 377 N.E.2d 500 (1978).

{¶**4**} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, P.J., and
LARRY A. JONES, SR., J., CONCUR