(26 P.3d 707)

No. 85,485

STATE OF KANSAS, *Appellee*, v. DONNA MARIE RYAN, *Appellant*.

Opinion filed June 15, 2001.

*Lisa Nathanson,* of Prairie Village, for appellant.

*Steven J. Obermeier,* assistant district attorney, *Paul J. Morrison,* district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before RULON, C.J., KNUDSON and JOHNSON, JJ.

JOHNSON, J.: Donna Marie Ryan pleaded guilty to possession of cocaine. Prior to sentencing, Ryan moved for leave to withdraw her guilty plea. Ryan appeals the district court's denial of her motion. We reverse and remand with instructions to allow Ryan to withdraw her guilty plea.

Ryan and her brother, Mark Jones, were in a parked van, preparing to use cocaine. Police officers opened the van door. Both Ryan and Jones were arrested. Ryan was charged with possession of cocaine and marijuana; Jones was similarly charged. Both defendants retained the same attorney, Adam North.

Ryan accepted a facially generous plea offer, negotiated while North also represented Jones. The agreement required Ryan to testify against Jones. Ryan denies knowing of the requirement to testify until immediately prior to commencement of the plea hearing. At that hearing, Ryan testified under oath, admitting guilt and implicating Jones. Jones first learned Ryan would be a State's witness after the plea hearing, when Ryan told him. The day following Ryan's plea, North withdrew as Jones' counsel. Replacement counsel for Jones filed a motion to suppress. Subsequently, the State dismissed Jones' case. Prior to sentencing, Ryan obtained new counsel, who filed the motion to withdraw plea. The motion alleged North's conflict of interest in representing both Ryan and Jones during plea negotiations violated Ryan's Sixth Amendment right to counsel.

The trial court denied the motion. No written memorandum or journal entry appears in the record.

A guilty plea, "for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2000 Supp. 22-3210(d). The appropriate standard of review on appeal is whether the trial court abused its discretion in refusing to allow withdrawal of the guilty plea. *State v. Dighera*, 22 Kan. App. 2d 359, 361, 916 P.2d 68, *rev. denied* 260 Kan. 997 (1996). Judicial discretion is abused only when no reasonable person would take the view adopted by the trial court. *State v. Williams*, 268 Kan. 1, 8, 988 P.2d 722 (1999).

Statements contained in the motion hearing transcript indicate the district court relied on *State v. Larry*, 252 Kan. 92, 843 P.2d 198 (1992). "To justify a motion to withdraw the plea prior to sentencing, the motion should allege that the defendant is not guilty of the offense charged; that the plea was made because of fraud, duress, mutual mistake, or lack of understanding of the charge and the effect of the plea." *Larry*, 252 Kan. at 95. The district court noted Ryan's repeated admissions of guilt and found that if any one was prejudiced by North's actions, it was Jones.

In *Larry*, the defendant's jury trial was in progress when the guilty plea was entered. After the trial court accepted the plea and discharged the jury, defendant attempted to withdraw the plea, alleging the trial judge had erred during the jury trial. There was no allegation the defense attorney had a conflict of interest or represented multiple defendants.

In determining whether a defendant should be allowed to withdraw a plea, the district court should consider, *inter alia*, whether the defendant was represented throughout by competent counsel. *State v. Hill*, 247 Kan. 377, 385, 799 P.2d 997 (1990). The Sixth Amendment right to effective assistance of counsel is not violated by the mere fact of multiple representations; for a violation to occur, there must be a conflict of interest. *State v. Lem'Mons*, 238 Kan. 1, 5, 705 P.2d 552 (1985). For an attorney representing codefendants in a criminal case, the most serious conflict of interest that might arise is for one defendant to take a plea and become a State's witness against the other defendant. See *State v. Hilton*, 217 Kan. 694, 698, 538 P.2d 977 (1975).

The district court acknowledged North had an actual conflict. Ryan's failure to convince the trial judge that she was prejudiced by the conflict, especially in light of her repeated admissions of guilt, formed the basis for the district court's decision. The district court assumed, because it perceived the conflict only harmed Jones, that Ryan's representation was adequate. To the contrary, prejudice is *presumed* when a conflict of interest arises in a joint representation of codefendants in a criminal case. *Strickland v. Washington*, 466 U.S. 668, 692, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); *Holloway v. Arkansas*, 435 U.S. 475, 489-91, 55 L. Ed. 2d

426, 98 S. Ct. 1173 (1978). "[T]o assess the impact of a conflict of interests on the attorney's options, tactics, and decisions in plea negotiations would be virtually impossible. Thus, an inquiry into a claim of harmless error here would require, unlike most cases, unguided speculation." *Holloway*, 435 U.S. at 491. The district court did not need to speculate as to whether Ryan's result might have been different without the joint representation.

The State cites *Cuyler v. Sullivan*, 446 U.S. 335, 348, 64 L. Ed. 2d 333, 100 S. Ct. 1708 (1980), for authority that Ryan needed to show she was prejudiced. In *Cuyler*, the·trial court was not informed of the possible conflict of interest and the conflict *possibility* was first raised on appeal. In *State v. Jenkins*, 257 Kan. 1074, 1083-84, 898 P.2d 1121 (1995), our Supreme Court explained the application of the different conflict standards as follows:

"[W]hen a possible conflict exists, but the trial court is not advised of the possibility, the limited presumption set forth in *Cuyler* applies, and the defendant, in order to establish a violation of his Sixth Amendment right to the effective assistance of counsel, must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. See *Cuyler*, 446 U.S. at 348. On the other hand, we hold that where the trial court is advised of the possibility of a conflict by either the defendant or the State, the court is required to initiate an inquiry to insure that the defendant's Sixth Amendment right to counsel is not violated. In this instance, a showing that there is an actual conflict of interest will result in automatic reversal. See *Holloway*, 435 U.S. at 489. Prejudice to the defendant is presumed, and reversal of the defendant's conviction is automatic."

Here, the district court was advised of the possibility of conflict, made an inquiry, and found there was an actual conflict. However, the district court apparently applied the *Cuyler* standard instead of the *Holloway* standard. Under *Jenkins*, if Ryan had been convicted, we would be required to reverse. We find that a showing defendant's attorney had an actual conflict of interest when negotiating a plea agreement requires the district court to grant defendant leave to withdraw the guilty plea prior to sentencing.

We reverse and remand with instructions to the district court to grant Ryan's motion to withdraw her guilty plea.

Reversed and remanded with instructions.