(187 P.3d 138)
No. 97,326

STATE OF KANSAS, *Appellee*, v. MARCUS D. TONEY, *Appellant*.

—

Opinion
filed July 11, 2008.

*Monique K. Centeno, Lawrence W. Williamson, Jr.*, and *Sean Shores*, of Shores, Williamson and Ohaebosim, LLC, of Wichita, for appellant.

*Kristi L. Barton*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Paul J. Morrison*, attorney general, for appellee.

Before BUSER, P.J., MALONE and MCANANY, JJ.

BUSER, J.: Marcus D. Toney appeals the denial of his motion to withdraw his plea. In part, Toney contends his court-appointed public defender had an actual conflict of interest at the hearing on the motion. According to Toney, this conflict arose because one of the grounds for his motion to withdraw plea was that his public defender (who also represented him at the hearing on the motion) failed to properly investigate his case prior to the plea. Toney contends his public defender either failed to argue her own ineffectiveness at the hearing or failed to withdraw as counsel in order to testify as a witness regarding her own ineffectiveness. Finally, Toney argues that his public defender's failure to properly investigate his case caused a manifest injustice necessitating withdrawal of his plea.

We conclude that Toney has shown an actual conflict of interest for which prejudice is presumed. Accordingly, we find an abuse of discretion in the district court's denial of Toney's motion to withdraw his plea. The matter is reversed and remanded for appointment of conflict-free counsel and reconsideration of Toney's motion.

### Factual and Procedural Background

On July 7, 2004, Toney was charged with burglary in violation of K.S.A. 21-3715(a). A public defender was appointed as Toney's counsel. On the day of trial, January 24, 2005, Toney pled guilty to the burglary charge in accordance with a plea agreement. A key aspect to the plea agreement was the State's promise to recommend that the sentence imposed for burglary would run concurrently with Toney's previously imposed federal sentence for felony possession of a firearm.

On February 28, 2005, Toney appeared for sentencing with the chief public defender who advised the district court that Toney's

criminal history listed three person misdemeanors but that Toney did not "have a specific recollection of all three convictions or whether he had counsel." The chief public defender said he had advised Toney to challenge these convictions, but that Toney had declined. After being questioned by the district court and after further consultation with the chief public defender, Toney reiterated his decision to proceed without challenging his criminal history. The district court followed the plea agreement and sentenced Toney to 29 months' imprisonment to be served concurrently with his federal sentence.

At an unknown date, but prior to June 28, 2006, Toney wrote a letter to the sentencing judge asking to withdraw his plea. Toney stated, in part: "I have tried on several occasions to communicate with both [the public defender and chief public defender] since February 2005, with no success. There have been numerous instances in the handling of this case that I feel my counsel was ineffective & harmful to the outcome of my sentence."

One month later, Toney's public defender filed a motion to withdraw plea. Without mentioning Toney's ineffective assistance allegations, she alleged that Toney was innocent and "did not understand the consequences of entering a plea when it was entered."

A hearing on the motion to withdraw plea was held on August 11, 2006. Toney appeared in person with his public defender who advised the district court that Toney was still in the custody of the Kansas Secretary of Corrections, and that "the US Marshall's Office chose not to come and pick him up and put him back in federal custody until he completes his State sentence. Because of that, Mr. Toney was unable to get the benefit of his bargain and the concurrent sentences that this Court ordered."

The public defender also stated that Toney "relates to me that he is innocent of this charge and would ask this Court to set aside a plea [because] he believes that I was ineffective in representing him in the investigation of this case." She added, "I do believe there may be a conflict of interest if Mr. Toney asserts that I was ineffective in the investigation of his case."

At the invitation of the district court, Toney addressed the judge personally, stating:

"As far as the claim of ineffective assistance, the reason why it was filed as it related to the investigation process was that approximately between July 4th and the October date, I . . . submitted to the Public Defenders' Office witness material related to my case that I feel wasn't followed up on by investigation. Then when my trial date came around, like six months later, then my witness had relocated or her phone number had changed or something where they weren't able to get in contact with them [*sic*] for my trial."

Toney also claimed he had not challenged his misdemeanor convictions at sentencing "since it was the understanding of myself, the Public Defenders' Officer, and at that time the Federal Public Defenders' Office, that the . . . sentence I received wouldn't really affect my federal sentence at all." Toney characterized the sentence he was currently serving as "a consecutive sentence."

The prosecutor opposed the motion to withdraw plea because the State had complied with the plea agreement. With regard to the ineffective assistance of counsel claim, however, the prosecutor noted, "[T]he State's in a position where we cannot call the main witness regarding that because she is currently representing [Toney]. So, I would agree with [the public defender] that . . . she probably does have a conflict as she would be the State's main witness in that regard."

Similarly, the prosecutor addressed Toney's claimed misunderstanding of the effects of his misdemeanor convictions upon his possible sentence. The prosecutor noted that if Toney was claiming ineffective assistance of counsel in that regard, "the State would need to call [the chief public defender]. And, again, that would make the Public Defenders' Office in conflict with representing him at the same time."

The district court denied Toney's motion, stating:

"[A]fter reviewing the file in this matter and considering these representations of counsel as well as Mr. Toney's own statements . . . the Court is under the impression that he has received the full benefit of his bargain. That I did follow the plea agreement. I did make the appropriate recommendations as suggested. The fact that the Federal Court made other decisions does not affect that.

"And the other allegations that have been made concerning an allegation of ineffective assistance of counsel are fairly facile, and we [*sic*] do not rise to the level of justifying further action on this matter."

The district court's journal entry did not provide additional findings of fact or conclusions of law.

On appeal, Toney renews his contention that his public defender provided ineffective assistance of counsel while investigating his case prior to his guilty plea. Toney claims this situation placed his public defender in an actual conflict of interest at the hearing on the motion to withdraw plea, which violated his rights under the Sixth Amendment to the United States Constitution. Finally, Toney contests the district court's ruling on the merits.

Toney does not renew the claim he made at the hearing on his motion to withdraw plea that the chief public defender was ineffective at sentencing. Accordingly, that issue is deemed waived or abandoned. See *State v. Walker*, 283 Kan. 587, 594, 153 P.3d 1257 (2007).

### Sixth Amendment Right to Conflict-Free Counsel

A district court's decision regarding disqualification of counsel for a conflict of interest is reviewed for abuse of discretion. *In re Habeas Corpus Petition of Hoang*, 245 Kan. 560, 566-67, 781 P.2d 731 (1989), *cert. denied* 494 U.S. 1070 (1990); *State v. Carver*, 32 Kan. App. 2d 1070, Syl. ¶ 7, 95 P.3d 104 (2004). An abuse of discretion standard is also applied to the district court's decision to deny a defendant's motion to withdraw a guilty plea. See *State v. Ryan*, 29 Kan. App. 2d 297, 298, 26 P.3d 707, *rev. denied* 272 Kan. 1422 (2001) (motion to withdraw plea, alleging conflict of interest).

We begin our analysis with a fundamental principle: "Where a constitutional right to counsel exists, . . . there is a correlative right to representation that is free from conflicts of interest. [Citations omitted.]" *Wood v. Georgia*, 450 U.S. 261, 271, 67 L. Ed. 2d 220, 101 S. Ct. 1097 (1981). Given that a hearing was held on Toney's motion to withdraw plea and the State was represented, Toney had a constitutional right to conflict-free counsel at the hearing. See *State v. Taylor*, 266 Kan. 967, 975, 975 P.2d 1196 (1999); see also *United States v. Segarra-Rivera*, 473 F.3d 381, 384 (1st Cir. 2007) (stating a general right to counsel at plea withdrawal hearings).

Our Supreme Court has established guidelines for a district court to follow when faced with a possible conflict of interest in a criminal case:

"Where a trial court becomes aware of a possible conflict of interest between an attorney and a defendant charged with a felony, the court has a duty to inquire further. Likewise, where the trial court is advised of the possibility of a conflict by either the defendant or the State, the court is required to initiate an inquiry to insure that the defendant's Sixth Amendment right to counsel is not violated. A trial court abuses its discretion if it fails to inquire further after becoming aware of a potential conflict between an attorney and his or her client." *State v. Vann,* 280 Kan. 782, Syl. ¶ 1, 127 P.3d 307 (2006).

It is important to note that the district court failed to inquire when both counsel suggested that Toney's public defender had a conflict of interest. Although the district court asked some questions of Toney, these inquiries did not directly address the conflict issue, and no questions were asked of his public defender. The district court was advised of Toney's assertion that he had provided his public defender with information regarding a witness, but due to her inadequate investigation, the witness was unavailable for trial. The public defender's representation of Toney at the hearing where Toney was claiming her ineffectiveness did not present a "vague, unspecified possibility of conflict" which would not trigger the duty to inquire under the Sixth Amendment. See *Mickens v. Taylor,* 535 U.S. 162, 168-69, 152 L. Ed. 2d 291, 122 S. Ct. 1237 (2002).

Toney's letter and in-court statements, coupled with the acknowledgments by Toney's public defender and the prosecutor of an apparent conflict of interest, were sufficient to engage the district court's duty to inquire upon becoming "aware of a possible conflict of interest." See *State v. Carter,* 284 Kan. 312, 321, 160 P.3d 457 (2007).

Under Kansas law, the district court's failure to inquire about the apparent conflict of interest was an abuse of discretion. *Vann,* 280 Kan. 782, Syl. ¶ 1; *Carver,* 32 Kan. App. 2d at 1078. This determination, however, does not end our review. In *Mickens,* even though its own precedent imposed a "mandate of inquiry" when the possibility of a conflict presented itself, the United States Su-

preme Court rejected "automatic reversal" as a means to enforce that mandate. 535 U.S. at 173. Our Kansas Supreme Court has acknowledged this precedent. See *Carter*, 284 Kan. at 321 (citing *Mickens*); *Gleason*, 277 Kan. 624, 650, 88 P.3d 218 (2004) (quoting *Mickens*).

Under the Sixth Amendment, an actual conflict of interest occurs when a counsel's divided loyalties *adversely affect counsel's performance. Mickens*, 535 U.S. at 172 n.5; *Gleason*, 277 Kan. at 654; *Carver*, 32 Kan. App. 2d at 1081. In order to prevail, therefore, Toney is required "to establish that the conflict of interest adversely affected . . . [his public defender's] performance." See *Mickens*, 535 U.S. at 174.

Applying this precedent to the present case, two questions must be addressed: First, was the public defender's representation of Toney during the hearing on the motion to withdraw plea a conflict of interest? Second, if true, was this conflict an *actual* conflict of interest? In other words, did the divided loyalties of Toney's public defender adversely affect her performance at the hearing? See 535 U.S. at 172 n.5.

With regard to the first question, we are persuaded that Toney's public defender had divided loyalties at the hearing. Her purported ineffectiveness in investigating Toney's case prior to the plea was critical to her client's motion to withdraw plea. In order to faithfully and effectively represent Toney at the hearing, the public defender would be obligated to advocate and prove her own professional ineffectiveness. On the other hand, in order to defend herself against Toney's allegations of ineffectiveness, the public defender would be required to advocate against her client's legal position. This obviously placed the public defender in a tenuous position.

Similar divided loyalties were highlighted in *Lopez v. Scully*, 58 F.3d 38 (2d Cir. 1995), wherein the defendant sought to withdraw his guilty plea because of coercion allegedly exerted by his attorney. The Second Circuit observed, "To argue in favor of his client's motion would require admitting serious ethical violations and possibly subject [counsel] to liability for malpractice; on the other hand, '[a]ny contention by counsel that defendant's allegations were not true would . . . contradict his client.' " 58 F.3d at 41.

In the present case, Toney's public defender candidly acknowledged her conflict to the district court. The prosecutor concurred with this assessment on the additional ground that both the chief public defender and the public defender would be necessary witnesses in support of Toney's claim. This situation could implicate ethical considerations. See Kansas Rule of Professional Conduct 3.7 (2007 Kan. Ct. R. Annot. 523).

We are persuaded that the subject matter of Toney's legal argument and his public defender's in-court acknowledgment of divided loyalties were sufficient to establish a conflict of interest at the time of the hearing on the motion to withdraw plea.

We next address the second question, whether these divided loyalties adversely affected the performance of Toney's public defender at the hearing. Although the district court did not consider this matter, the record contains sufficient information to permit our review. See *Gleason*, 277 Kan. at 649-50; *State v. Jenkins*, 257 Kan. 1074, 1080, 898 P.2d 1121 (1995).

It is unknown when Toney's public defender learned of his letter to the district court, but she failed to include Toney's allegations of ineffectiveness in the written motion to withdraw plea. More significantly, the hearing transcript indicates Toney's public defender mentioned Toney's allegations only to alert the district court to her client's ineffectiveness claim and the resulting conflict this presented. Toney's public defender did not, however, argue her own ineffectiveness in support of Toney's motion or seek withdrawal from further representation of Toney.

Some jurisdictions have concluded as a general matter that "[c]ounsel cannot be expected to argue his or her own ineffectiveness." *State v. Ballew*, 89 Ohio St. 3d 204, 205, 729 N.E.2d 753 (2000); see *United States v. Del Muro*, 87 F.3d 1078, 1080 (9th Cir. 1996); *Sullivan v. United States*, 721 A.2d 936, 937 (D.C. 1998); *State v. Molina*, 271 Neb. 488, 535, 713 N.W.2d 412 (2006). The Illinois Court of Appeals has held, for example, that "[a] *per se* conflict of interest arises when attorneys argue motions in which they allege their own ineffectiveness." *People v. Keener*, 275 Ill. App. 3d 1, 5, 655 N.E.2d 294 (1995).

"Kansas has not recognized a per se conflict of interest with regard to the attorney-client relationship." *State v. Robertson*, 30 Kan. App. 2d 639, 641, 44 P.3d 1283 (2002). The facts of this case do not require us to decide—and we decline to consider—whether defense counsel may properly advocate his or her own ineffectiveness and thereby avoid a claim that divided loyalties adversely affected counsel's performance.

In the present case, Toney's public defender had an admitted concern about having a conflict of interest which resulted in her failure to present evidence and to advocate in support of Toney's motion to withdraw plea. As a consequence, her conflicted representation necessarily undermined any possibility that Toney's motion would be successful. Under these circumstances, we hold the divided loyalties of Toney's public defender adversely affected her performance as Toney's counsel and created an actual conflict of interest.

In contrast to cases under *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), "a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." *Cuyler v. Sullivan*, 446 U.S. 335, 349-50, 64 L. Ed. 2d 333, 100 S. Ct. 1708 (1980); see also *Mickens*, 535 U.S. at 173 ("[T]he *Sullivan* standard . . . presumes prejudice."). Accordingly, because Toney's public defender had an actual conflict of interest, we presume prejudice in this case.

The district court's ruling on the motion to withdraw plea is reversed. We do not reach the merits of Toney's motion. The matter is remanded to the district court for appointment of conflict-free counsel and reconsideration of Toney's motion to withdraw plea.

Reversed and remanded with directions.