NOT DESIGNATED FOR PUBLICATION

No. 121,899

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TOMMIE BAGGETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; MERYL D. WILSON, judge. Opinion filed March 12, 2021.
Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*David Lowden*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before HILL, P.J., GARDNER, J., and BURGESS, S.J.

PER CURIAM: When Tommie Baggett tried to withdraw his no-contest plea to one
count of possession of marijuana with the intent to distribute, he wanted the court to
appoint him a different lawyer. After asking Baggett about his plea and why he wanted a
new lawyer, the judge denied his motion and refused to appoint him a new lawyer.
Baggett now appeals his conviction, contending the court erred by failing to appoint him
conflict-free counsel to litigate his motion to withdraw his plea. Our review of the record

leads us to hold that the district court properly inquired into the basis for the alleged conflict of interest and correctly decided that Baggett's claim lacked merit. We affirm.

*This case is one of three filed against Baggett.*

In 2018, the State filed three separate criminal cases against Baggett in Riley County. In this case, 18CR69, the State charged Baggett with possession of marijuana with intent to distribute and possession of drug paraphernalia. In 18CR345, the State charged Baggett with other drug crimes. In 18CR346, the State charged Baggett with several crimes, including rape and aggravated burglary. This fact of several prosecutions is pertinent here because of the effects multiple convictions would have on Baggett's sentences.

While these cases were pending, Baggett repeatedly expressed his desire to have his trial and sentencing in the rape case *before* the drug cases to minimize his criminal history when he was sentenced in the rape case. The court explained to Baggett that ultimately the State has the right to determine which case it wants to bring first, and the court sets the time based on its schedule. Baggett stated that he understood.

There were delays. In November 2018, Baggett asked for a new attorney and the court appointed him a new lawyer. But the court warned Baggett that it would take time for a new attorney to get up to speed, which Baggett stated he understood. Even so, at a status hearing in February 2019, Baggett expressed concern that his newly appointed attorney, Jeffrey Adam, wanted to continue his jury trial in 18CR346 so he could review discovery. Ultimately, Baggett agreed to waive his speedy trial rights in all three cases with the understanding that his drug case trials would be continued past his rape trial. The court then reset Baggett's rape trial to June 7, 2019, set his jury trial for this case for July 10, 2019, and his jury trial in his second drug case for August 1, 2019.

The jury found Baggett guilty of three counts of attempted rape and several counts of aggravated battery and aggravated burglary. The court set his sentencing in that case for August 1, 2019. On Baggett's behalf, Adam moved to advance the sentencing hearing, but the court denied his motion.

Baggett, on July 1, 2019, in this case, entered a no-contest plea to one count of possession of marijuana with intent to distribute. He told the court no promises or inducements were made to get him to enter the plea and that he had no complaints about his attorney. The court set sentencing here for August 1, 2019.

*Baggett asked to withdraw his plea in this case.*

When Adam later told Baggett the court was planning to continue his sentencing in both the rape case and this drug case from August 1, 2019, until after his jury trial in the second drug case, Baggett thought he had been misled. Baggett told Adam that he wanted to withdraw his plea in this case.

After that, Adam asked to withdraw as counsel for Baggett, explaining that Baggett wanted to withdraw his plea in 18CR69 because he felt coerced into entering his plea. He stated, "The Defendant asserts that he was taken advantage of and that the Court and Counsel manipulated the court dates to negatively impact him at sentencing."

At the hearing on Adam's motion to withdraw, a member of Adam's firm appeared on behalf of Baggett. The court began the hearing by paraphrasing Baggett's complaint.

> "If I understand the motion filed by Mr. Adam, based upon the fact that you felt coerced in 18 CR 69, in that you pled no contest in that case with the understanding your sentencing in 18 CR 346 would be completed prior to these other cases that you have pending. Is that—am I paraphrasing that wrong?"

3

Baggett responded that "[t]here was multiple reasons" and "that was the only one that [Adam] named." The court inquired more. "Well, I need to know what the reasons are."

But Baggett did not give any reasons other than the timing of the cases and the court's and his counsel's roles in that. Baggett believed he made an agreement with the court when he waived his speedy trial rights. He believed Adam conspired with the State and the court to maximize his sentence.

The judge responded, "Well, there's no conspiracy." The judge explained the necessity of continuing the sentencing in 18CR346. He had retired and was on senior status. He could not hear cases unless specifically assigned by the Supreme Court and he could not sentence Baggett on August 1. Ultimately, the district court denied Adam's motion to withdraw, finding Baggett "was [not] in any way coerced into entering a plea in 18 CR 69." Rather, the court found Baggett was trying to "manipulate the Court as it relates to when sentencing can be held." The court set a sentencing date for August 12, 2019.

Before sentencing, Adam moved to withdraw Baggett's plea in 18CR69, reiterating that Baggett entered his plea with the understanding his sentencing in the rape case and this case would take place before his trial in the second drug case—18CR345. Baggett asserted Adam "guaranteed" it, he was ineffective, and he had coerced Baggett into entering the plea.

At the sentencing hearing, however, Adam stated that Baggett wanted to withdraw his motion to withdraw his plea and proceed with sentencing. Baggett agreed.

4

"THE COURT: Yes. 18 CR 69. And this is the one that Mr. Baggett, your attorney at your request has filed a motion to withdraw your plea. So, Mr. Adam, I will hear your basis for the Court's allowing that withdrawal at this time.

"MR. ADAM: Well, Judge, for the reasons I had previously put on the record I don't think it would be appropriate for me to represent him at that hearing, but I've actually discussed whether or not he wanted to proceed on that motion, and he advised me that he wants to withdraw the motion to withdraw his plea, so he wants to proceed to sentencing.

"THE COURT: All right. Is that correct, Mr. Baggett?

"THE DEFENDANT: Yes."

Finding Baggett's criminal history score as A, the court sentenced him to a 74-month prison sentence in this case. It is consecutive to his sentence in the rape case.

On appeal, Baggett contends that the district court failed to adequately inquire into the nature of the alleged conflict of interest between him and Adam, and it failed to appoint substitute counsel to argue his motion to withdraw his plea. He contends that Adam misled him about the sentencing date in 18CR346. He contends he did not have conflict-free counsel when he withdrew his motion.

*The rules we follow here are well established.*

A review of the law and procedures for the withdrawal of lawyers here is helpful. The United States Constitution does not guarantee a defendant the right to replace appointed counsel whenever the defendant desires. A defendant who files a motion for new counsel must show "justifiable dissatisfaction" with his or her appointed counsel, which can be shown by showing a conflict of interest, an irreconcilable disagreement, or a complete breakdown in communication between counsel and the defendant. Whether a conflict of interest exists must be evaluated on the specific facts of the case. *State v. Pfannenstiel*, 302 Kan. 747, 758-60, 357 P.3d 877 (2015).

Procedurally, when a district court is notified of a potential conflict of interest faced by a criminal defense attorney, the court must make an appropriate inquiry into the conflict. *State v. Stovall*, 298 Kan. 362, 370, 372, 312 P.3d 1271 (2013). Once a defendant triggers the district court's duty to inquire, the district court can err in three ways:

- by performing no inquiry;
- by performing an inadequate inquiry; or
- by failing to appoint substitute counsel when warranted.

*State v. McDaniel*, 306 Kan. 595, 606-07, 395 P.3d 429 (2017).

Each of these errors is reviewed for abuse of discretion. *McDaniel*, 306 Kan. at 606.

Baggett cites two cases for support: *State v. Prado*, 299 Kan. 1251, 329 P.3d 473 (2014), and *State v. Toney*, 39 Kan. App. 2d 1036, 187 P.3d 138 (2008). In both cases, the district court failed to inquire into the nature of the alleged conflict of interest. *Prado*, 299 Kan. at 1259-60; *Toney*, 39 Kan. App. 2d at 1041.

The facts are different in this case. Here, the court made an appropriate in-depth inquiry into the alleged conflict of interest at the motion hearing. The court understood Baggett's complaint, having presided over his case throughout the proceedings. The court correctly paraphrased Baggett's complaint at the beginning of the hearing.

When Baggett stated that there were other reasons, the court inquired more. But Baggett gave no other reasons why he believed his counsel had misled him. He repeated his assertions about the timing of the cases and the court's and his counsel's roles in scheduling the cases. He was given many chances to explain his position. There was a back-and-forth exchange between the court and Baggett throughout the hearing.

The court heard from Baggett's stand-in counsel. But the court found that there was no conflict between Baggett and Adam. Rather, the change in sentencing dates was a matter of scheduling with the court. As reflected in the transcripts of various proceedings, the court and counsel tried to set dates that would accommodate Baggett's desire to have his rape case completed before the other cases, even though the court was under no obligation to do so. But ultimately it did not work out because of the judge's senior status. The court, not counsel, rescheduled the sentencing hearing in the rape case. Before Baggett entered his plea here, Adam had moved to advance sentencing in the rape prosecution, but it was denied by the court. Simply put, Baggett's complaint was with the court's rulings, not his counsel.

The court did not need to inquire any further at the later sentencing hearing because the alleged conflict had been fully addressed at the motion hearing. See *State v. Hulett*, 293 Kan. 312, 322, 263 P.3d 153 (2011). And Baggett withdrew his motion. See *State v. Marshall*, 303 Kan. 438, 448, 362 P.3d 587 (2015).

Baggett has not shown the district court abused its discretion by failing to inquire into an alleged conflict of interest with Adam or failing to appoint substitute counsel.

Affirmed.