NOT DESIGNATED FOR PUBLICATION

No. 124,301

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHARRONE DONTREZ STEELE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed November 10, 2022. Vacated and remanded with directions.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., BRUNS, J., and PATRICK D. MCANANY, S.J.


PER CURIAM:  Sharrone Dontrez Steele appeals from the denial of his motion to correct illegal sentence. Steele originally filed a pro se motion alleging that his criminal history score was inaccurate and that his trial counsel had provided ineffective assistance of counsel by failing to assert an objection prior to sentencing. Subsequently, trial counsel withdrew Steele's pro se motion and filed a revised motion to correct illegal sentence in which he raised the issue regarding the accuracy of the criminal history score. However, trial counsel failed to raise the issue regarding his alleged ineffective representation of Steele in the revised motion.

1

On appeal, Steele contends that the district court should have inquired into trial counsel's potential conflict of interest prior to ruling on the revised motion to correct illegal sentence. We agree that under these circumstances, the district court should have inquired regarding the potential conflict of interest. Thus, we vacate the order denying Steele's motion to correct illegal sentence and remand this matter to the district court for appointment of conflict-free counsel.

FACTS

On November 25, 2020, Steele pled guilty to one count of possession of methamphetamine. The presentence investigation report (PSI) listed his criminal history score as B. Because there were no objections to Steele's criminal history score asserted, the district court found that Steele fell into the presumptive prison sentencing range of the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2020 Supp. 21-6801 et seq. Nevertheless, the district court granted Steele's motion for dispositional departure. Consequently, the district court sentenced Steele to 12 months of probation with a 36-month underlying prison sentence.

Less than two months later, Steele filed a pro se motion that was styled as a motion to correct illegal sentence. In his pro se motion, Steele asserted—among other things—that trial counsel was ineffective for failing to object to his criminal history score prior to sentencing. Steele alleged that trial counsel should have objected because a 2017 criminal threat conviction should not have been included in his criminal history score based on the Kansas Supreme Court's ruling in *State v. Boettger*, 310 Kan. 800, 450 P.3d 805 (2019), *cert. denied* 140 S. Ct. 1956 (2020).

On April 16, 2021, the district court noted on a motion minutes sheet that it had been notified by trial counsel that Steele would be withdrawing his pro se motion and that the attorney would be filing a revised motion. It is unclear from the record whether Steele

was present when trial counsel advised the district court that his pro se motion was being withdrawn. In addition, we find nothing in the record to indicate that the district court made inquiry into the alleged conflict between Steele and trial counsel.

Subsequently, trial counsel filed a revised motion to correct illegal sentence on May 27, 2021. In the revised motion, trial counsel asserted that Steele's criminal history score was incorrect and that his sentence was illegal under *Boettger*. However, trial counsel did not mention Steele's assertion that he was ineffective for failing to object to his client's criminal history score prior to sentencing. Likewise, trial counsel did not mention Steele's allegation of a potential conflict of interest.

On July 2, 2021, the district court held a hearing on the revised motion to correct illegal sentence. At the hearing, Steele appeared in person and with trial counsel. No evidence was presented in support of the motion and trial counsel merely reiterated his argument as set forth in the revised motion. At no point did trial counsel mention the allegation that he was ineffective for failing to object to Steele's criminal history score nor did he mention the potential conflict of interest. At the conclusion of the hearing, the district court denied the revised motion to correct illegal sentence. In doing so, the district court determined that Steele had "essentially" pled guilty to both intentional and reckless criminal threat.

Thereafter, Steele filed a timely notice of appeal. On appeal, he is represented by an attorney from the Kansas Appellate Defender Office. After the appeal was filed, the Kansas Supreme Court indefinitely suspended Steele's trial counsel from the practice of law. See *In re Leon*, 314 Kan. 419, 438, 499 P.3d 467 (2021). Furthermore, the State notified this court of a change in Steele's custodial status in accordance with Supreme Court Rule 2.042 (2022 Kan. S. Ct. R. at 18). Specifically, the State advised that the district court revoked Steele's probation on January 21, 2022, and ordered him to serve his underlying prison sentence.

ANALYSIS

The sole issue presented on appeal is whether Steele was denied the right to conflict-free counsel to represent him on the allegations he set forth in his pro se motion to correct illegal sentence. "The Sixth Amendment right to counsel includes the right to conflict-free counsel and extends to postconviction proceedings in which the State is represented by counsel." *State v. Prado*, 299 Kan. 1251, 1256, 329 P.3d 473 (2014). Courts are given the responsibility to ensure that "a defendant's Sixth Amendment right to counsel is honored." *State v. Taylor*, 266 Kan. 967, Syl. ¶ 5, 75 P.2d 1196 (1999). When a district court becomes aware of a potential conflict of interest between a defendant and their attorney, it is the court's duty to inquire further to make certain that the defendant's right to counsel is not violated. *State v. Vann*, 280 Kan. 782, 789, 127 P.3d 307 (2006).

We review a district court's inquiry into potential conflicts of interest for an abuse of discretion. *State v. McDaniel*, 306 Kan. 595, 606, 395 P.3d 429 (2017). A judicial action constitutes an abuse of discretion only if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Significantly, when a district court is aware of a potential conflict of interest, a failure to make an adequate inquiry constitutes an abuse of discretion. *State v. Marshall*, 303 Kan. 438, 447, 362 P.3d 587 (2015).

Although a defendant does not have a constitutional right to be represented by counsel on a motion to correct illegal sentence, there is a statutory right to representation "[u]nless the motion and the files and records of the case conclusively show that the defendant is entitled to no relief." K.S.A. 2021 Supp. 22-3504(a). If the district court conducts a hearing on a motion to correct illegal sentence—as the district court did in this case—then due process requires that the defendant be represented by effective counsel. See *State v. Redding*, 310 Kan. 15, 22-23, 444 P.3d 989 (2019); *State v. Pfannenstiel*, 302 Kan. 747, 758, 357 P.3d 877 (2015).

4

In addition, the right to effective assistance of counsel demands representation that is not impaired by conflicts of interest. *McDaniel*, 306 Kan. at 606. Counsel should be free of any conflict that would diminish their advocacy for their client because of self-interest or any other divided loyalties. *State v. Sharkey*, 299 Kan. 87, 96, 322 P.3d 325 (2014); *State v. Toney*, 39 Kan. App. 2d 1036, Syl. ¶ 3, 187 P.3d 138 (2008). As indicated above, when a potential apparent conflict of interest is articulated, it triggers a duty by the district court to inquire about the nature of the alleged conflict to eliminate any prejudice to the defendant regardless of the remedy sought. *McDaniel*, 306 Kan. at 606; *State v. Brown*, 300 Kan. 565, 577-78, 331 P.3d 797 (2014). Moreover, when a defendant files a pro se motion claiming ineffective assistance of counsel, conflict-free counsel should be appointed by the district court to argue the motion. See *Sharkey*, 299 Kan. at 100-01.

Here, Steele filed a pro se motion asserting that the attorney who represented him at the sentencing hearing was ineffective for failing to object to his criminal history score. We recognize that such allegations are more often presented by way of a K.S.A. 60-1507 motion rather than by way of a motion to correct illegal sentence. A review of Steele's pro se motion reveals that it had elements of both. Regardless, we find that the pro se motion contained allegations of a potential conflict of interest by trial counsel that were sufficient to trigger the district court's duty to inquire as well as its duty to appoint conflict-free counsel.

The record—albeit sparse—reflects that before Steele's pro se motion could be heard by the district court, the attorney who had been accused of being ineffective withdrew the motion and replaced it with a revised motion that he prepared. For whatever reason, the revised motion no longer contained an allegation of ineffective assistance of counsel nor did it mention the potential conflict of interest. In addition, we can find nothing in the record to indicate whether Steele voluntarily waived his assertion of a conflict of interest nor does it appear that the district court inquired into the potential

5

conflict prior to allowing trial counsel to withdraw Steele's pro se motion. Likewise, we cannot determine from the record when—or under what circumstances—Steele was consulted about the decision to withdraw his pro se motion.

Although we take no position on the underlying issue of whether Steele's criminal history score as set forth in the PSI was illegal, there appears to be a legitimate dispute regarding this question. Unfortunately, the underlying records from the criminal threat case are not included in the record on appeal in this case. So, it is impossible for us to determine whether Steele pled to the intentional version of the criminal threat statute as the State suggests.

As we mentioned in the previous section of this opinion, Steele's trial counsel has been indefinitely suspended from the practice of law. Moreover, a formal disciplinary action was pending against him at the time he withdrew Steele's pro se motion and replaced it with a revised motion that no longer included a claim that his representation of Steele was ineffective. Ultimately, the Kansas Supreme Court found that trial counsel had committed multiple violations of the Kansas Rules of Professional Conduct (KRPC). In addition to several other violations, our Supreme Court determined that trial counsel had violated KRPC 1.1 (2021 Kan. S. Ct. R. 321) (competence) and KRPC 1.3 (2021 Kan. S. Ct. R. 325) (diligence). *In re Leon*, 314 Kan. at 436. Even though it appears that trial counsel's representation of Steele was not part of the disciplinary action, a reasonable person might question his motive for withdrawing Steele's pro se motion and replacing it with one that did not contain an allegation that his representation was ineffective while a disciplinary action was pending against him.

It is important to recognize that had trial counsel objected to Steele's criminal history score prior to sentencing, the State would have had the burden of showing that Steele was convicted of intentional criminal threat rather than reckless criminal threat in the prior case. K.S.A. 2021 Supp. 21-6814(c). By failing to object, the burden rested with

6

Steele. Consequently, we find that trial counsel's failure to object to Steele's criminal history score to be significant and not harmless.

In summary, we vacate the district court's order denying Steele's motion to correct illegal sentence. In addition, we remand this matter to the district court for appointment of conflict-free counsel to represent Steele in a competent and effective manner. In particular, the attorney who is appointed by the district court should exercise his or her professional judgment after consulting with Steele to determine the appropriate relief to be sought based on the allegations asserted.

Vacated and remanded with directions.