NOT DESIGNATED FOR PUBLICATION

No. 124,710

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

JOSE H. CARRERA,
*Appellant.*

MEMORANDUM OPINION

Appeal from Seward District Court; CLINT B. PETERSON, judge. Opinion filed November 18, 2022. Affirmed.

*Jon R. Hansen*, of Wichita, for appellant.

*Russell Hasenbank*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS, J., and PATRICK D. MCANANY, S.J.

PER CURIAM:  This is an appeal following the district court's order dismissing Jose H. Carrera's successive motion to withdraw plea. On appeal, Carrera contends that the district court erred by failing to inquire about an alleged conflict of interest regarding an attorney who had represented him early on in his criminal case. Based on our review of the record on appeal, we find that Carrera has not demonstrated excusable neglect to justify the untimely filing of his successive motion to withdraw plea. Likewise, we find that Carrera has failed to show that he was prejudiced by the alleged conflict of interest. Thus, we affirm the district court.

1

FACTS

On May 1, 2009, the State filed a complaint against Carrera for eight counts of drug charges related to the possession and sale of marijuana and the district court appointed the Public Defender's Office to defend him. Jennifer Chaffee was the first appointed attorney to represent Carrera. Then, for a short period of time in August and September 2009, Aaron Gipson served as Carrera's appointed attorney. However, Gipson filed a motion to withdraw as Carrera's counsel and the district court released him from representing Carrera on September 30, 2009. Gipson has not represented Carrera since that time.

The district court appointed another attorney, Daniel Schowengerdt, to represent Carrera. Schowengerdt assisted him in entering into a plea agreement with the State in December 2009. As part of the agreement, Carrera agreed to plead no contest to one count of selling marijuana and the State agreed to dismiss all of the other counts with prejudice. On February 26, 2010, the district court sentenced Carrera to probation for a term of 18 months with an underlying sentence of 19 months in prison to be followed by 24 months of postrelease supervision. Carrera did not file a direct appeal.

About one year later, another attorney—David K. Link—filed a postsentence motion to withdraw plea on his behalf in February 2011. In the motion, Carrera's attorney argued that the attorney who represented his client during plea negotiations did not fully advise him of the potential immigration consequences of his plea as required by *Padilla v. Kentucky*, 559 U.S. 356, 366-74, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). On May 11, 2011, the district court held an evidentiary hearing and heard testimony from both Carrera and Schowengerdt. Carrera appeared and testified via telephone because he was in Mexico due to being removed from the United States in April 2011 pursuant to orders of removal by the Department of Homeland Security. The district court subsequently denied the motion.

In a journal entry entered on June 6, 2011, the district court found that Carrera had been "adequately informed of the possible immigration consequences of this plea" and that he "knowingly and intelligently entered his plea of no contest with a full understanding of the plea's consequences." Although Carrera filed a timely notice of appeal, the appeal was not pursued and was subsequently dismissed by the district court on March 19, 2013.

On October 29, 2012, yet another attorney, David Phillip Leon, filed a motion to reconsider its order denying Carrera's motion to withdraw plea. In this motion, Leon raised the same argument under *Padilla* that Link had made in the original motion to withdraw plea. Ultimately, the district court denied the motion to reconsider after Carrera and Leon failed to appear at a hearing. In turn, Leon filed a second motion to reconsider in July 2013.

Shortly thereafter, on August 9, 2013, the State filed a motion to revoke Carrera's probation. In support of this motion, the State alleged that Carrera had been taken into custody by federal authorities and an immigration judge had ordered that he be removed from the United States. The record reveals that Carrera was ordered removed from the United States on November 18, 2010, and was subsequently deported on April 11, 2011.

Ultimately, the district court terminated Carrera's probation on December 19, 2014.

Although Carrera evidently remained in Mexico, Leon filed a third motion to reconsider on his behalf in September 2013. Once again, the motion asserted the same argument under *Padilla* that had been included in the original motion to withdraw plea as well as in the previous two motions to reconsider. The third motion to reconsider was denied after a hearing in March 2014, at which Leon appeared on behalf of Carrera. In denying the motion, the district court found that there was no intervening change of law

or new evidence presented since its earlier rulings to justify the granting of relief to Carrera. The district court also found that Carrera had failed to show manifest injustice.

Leon filed a fourth motion to reconsider—as well as an amended motion—on Carrera's behalf in November 2017. Yet again, he raised the same argument under *Padilla* that had previously been raised on multiple occasions. At a hearing held on October 26, 2018, the district court denied the amended motion. Interestingly, Gipson— who had briefly represented Carrera early on in this case—appeared at the hearing on behalf of the State. Subsequently, Gipson also signed off on the journal entry denying the amended motion.

On April 23, 2021, Leon filed a fifth motion to reconsider on behalf of Carrera, which is the subject of this appeal. In this motion, Leon once again repeated his previous arguments and also raised the issue of Gipson appearing on behalf of the State at the 2018 hearing after previously representing Carrera. On July 27, 2021, the district court entered an order denying the fifth motion to reconsider. At the same time, the district court also dismissed the following for lack of prosecution: Carrera's notice of appeal dated March 28, 2014; Carrera's notice of appeal dated March 31, 2014; Carrera's notice of appeal dated November 9, 2018; and Carrera's notice of appeal dated December 24, 2019.

Furthermore, the district court dismissed all other outstanding motions and prohibited Leon—who has subsequently been indefinitely suspended from the practice of law by the Kansas Supreme Court—from filing future motions in this case. In doing so, the district court found that "100% of Mr. Leon's motions and notices of appeal filed since and including September 9, 2013 have been and are frivolous." The district court also found that "these filings were made *for the sole purpose* to use as delay tactics for the defendant's immigration issues." However, the district court did not specifically address the issue of Gipson's conflict of interest.

ANALYSIS

On appeal, the sole issue is whether the district court erred in failing to address Gipson's alleged conflict of interest in its order denying his most recent motion to reconsider his request to withdraw his 2010 plea. Generally, we review a district court's decision to deny a postsentence motion to withdraw plea for an abuse of discretion. *State v. Cott*, 311 Kan. 498, 499, 464 P.3d 323 (2020). Moreover, the movant—in this case Carrera—bears the burden to prove the district court erred in denying the motion. *State v. Fox*, 310 Kan. 939, 943, 453 P.3d 329 (2019). When a district court summarily denies a motion to withdraw plea, we exercise unlimited review because we have the same access to the motions, records, and files as the district court. *State v. Wilson*, 308 Kan. 516, 520, 421 P.3d 742 (2018).

After sentencing, a district court may allow a defendant to withdraw a plea only to correct manifest injustice. K.S.A. 2021 Supp. 22-3210(d)(2). A defendant must bring a postsentencing motion to withdraw plea within one year of the end of the defendant's direct appeal. K.S.A. 2021 Supp. 22-3210(e)(1). A district court may allow a defendant to withdraw a plea after the one-year period "only upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2021 Supp. 22-3210(e)(2).

When a defendant has filed a motion to withdraw plea outside the one-year period, we must "decide whether [the] defendant has shown excusable neglect *before* reaching the question of whether manifest injustice requires that a defendant be permitted to withdraw a plea." *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021). In other words, the "procedural timeliness fork-in-the-road comes first" in the analysis. 313 Kan. at 248. Similarly, we treat motions to reconsider the denial of a motion to withdraw plea under the same excusable neglect analysis. See *State v. Baker*, No. 107,389, 2013 WL 1444615, at *2 (Kan. App. 2013) (unpublished opinion); see also *State v. Arellano*, No. 122,805, 2021 WL 4032858, at *4 (Kan. App. 2021) (unpublished opinion), *rev. denied*

315 Kan. 969 (2022). In other words, if a motion is not timely and the movant cannot show excusable neglect to justify the late filing, the motion should be denied without considering its merits.

Here, Carrera's conviction and sentence became final on February 26, 2010—the date of sentencing—because he did not file a direct appeal. Moreover, the district court denied his postsentence motion to withdraw plea seeking relief based on *Padilla v. Kentucky* following an evidentiary hearing held on May 11, 2011. Likewise, his appeal was dismissed on March 19, 2013. Subsequently, Carrera has filed multiple motions to reconsider seeking relief on the same grounds as asserted in his motion to withdraw plea and each were denied.

Carrera's most recent motion to reconsider his postsentence motion to withdraw plea was filed on April 23, 2021. This motion falls well outside the one-year time limit for the filing of such motions. As a result, he was required to make an "affirmative showing of excusable neglect." K.S.A. 2021 Supp. 22-3210(e)(2). Excusable neglect requires more than carelessness, ignorance of the law, or unintentional inadvertence or neglect. *State v. Gonzalez*, 56 Kan. App. 2d 1225, Syl. ¶ 2, 444 P.3d 362 (2019), *rev. denied* 311 Kan. 1048 (2020). Rather, it requires "'some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party.'" 56 Kan. App. 2d at 1229-30 (quoting Black's Law Dictionary 1133 [9th ed. 2009]).

A review of the record on appeal reveals that Carrera has failed to show—either to the district court or this court—excusable neglect to justify the belated filing of his most recent motion. Carrera's current motion made no claim about why excusable neglect existed. Carrera also makes no attempt on appeal to demonstrate excusable neglect. Moreover, Carrera has repeatedly presented the same argument in his numerous motions seeking to withdraw his plea. The only argument raised in the present motion that was not

previously rejected by the district court relates to the alleged conflict of interest with Gipson.

In his motion, Carrera claimed that the alleged conflict of interest had "come to light" since the hearing held on October 26, 2018, at which Gipson appeared on behalf of the State. However, Carrera offers no explanation for why he did not know about the alleged conflict with Gipson at the hearing held more than two years before he filed the present motion nor does he offer any explanation why he did not object at that time. Without a showing of excusable neglect, we cannot address the merits of Carrera's untimely motion.

Nevertheless, we point out that even if Carrera had established excusable neglect to allow consideration of his untimely motion, he would not prevail on the merits. It is important to recognize that he does not challenge any part of the district court's ruling other than its failure to inquire regarding the alleged conflict of interest by Gipson. Specifically, Carrera raises the issue of whether it was appropriate for an attorney who represented him briefly back in 2009 to appear at a hearing on behalf of the State in 2018.

Significantly, Carrera makes no allegation that the counsel who represented him at the 2018 hearing had a conflict of interest. Hence, this case is distinguishable from *State v. Toney*, 39 Kan. App. 2d 1036, 187 P.3d 138 (2008), which is the only case cited by Carrera in support of his argument. As Carrera's brief appears to recognize, *Toney* involved a potential conflict between a defendant and his own attorney in which prejudice is presumed. 39 Kan. App. 2d at 1044. Unlike this case, *Toney* did not involve a potential conflict between the defendant and the State's attorney.

In the present case, Carrera has failed to show that he was prejudiced in any way by the fact that Gipson had briefly represented him nine years before the hearing in 2018. It seems reasonable that both Carrera and Gipson may have forgotten this brief encounter.

Regardless, the record reflects that Gipson's involvement in Carrera's criminal case was short, and it did not involve negotiating the plea agreement that was ultimately entered into. Further, Carrera has previously been heard on the merits regarding his legal argument under *Padilla v. Kentucky* and there is no reason to conclude that the results of his most recent motion to reconsider would have been different had Gipson not previously represented him for a few months in 2018.

We, therefore, conclude that the district court did not err by denying Carrera's most recent motion to reconsider the denial of his postsentence motion to withdraw plea.

Affirmed.